# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-2, Errol Moses v. Carlton Joyner |
| **Originating No. & Caption** | 1:03-cv-00910-TDS-LPA, Moses v. Joyner |
| **Originating Court/Agency** | U.S. District Court for the Middle District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. §§1291, 2253 | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | May 12, 2015 | |
| Date notice of appeal or petition for review filed | June 9, 2015 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 06-8, 13-1, 13-3 | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is a capital case. Mr. Moses filed his habeas petition in the district court, which was denied in 2005. Mr. Moses filed a Motion for Relief from Judgment under Rule 60(b) relating to his claim of ineffective assistance of trial counsel that he had raised in federal habeas proceedings, which was denied by the district court. The district court did not grant a certificate of appealability.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

Mr. Moses intends to file a brief and request for a certificate of appealability on the following issue: Whether Martinez v. Ryan permits federal habeas review under Rule 60(b) where the petitioner raised, in his federal habeas proceedings, the issue of trial counsel's ineffective assistance of counsel and argued the ineffective assistance of state post-conviction counsel as cause for not previously raising the expanded ineffective assistance of trial counsel claim raised in habeas proceedings in state court.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: Carlton Joyner | Adverse Party: |
|---|---|
| Warden, Central Prison | |
| Attorney: Peter Regulski, Assistant AG | Attorney: |
| Address: NCDOJ<br>P.O. Box 629<br>Raleigh, NC  27602 | Address: |
| E-mail: pregulski@ncdoj.gov | E-mail: |
| Phone: 919 716 6500 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Errol Duke Moses | Name: |
| Attorney: Shelagh R. Kenney<br>Address: Center for Death Penalty Litigation<br>123 W. Main St., Suite 700<br>Durham, NC 27701 | Attorney: Kenneth J. Rose<br>Address: Center for Death Penalty Litigation<br>123 W. Main St., Suite 700<br>Durham, NC 27701 |
| E-mail: Shelagh@cdpl.org | E-mail: Ken@cdpl.org |
| Phone: 919-956-9545 | Phone: 919 956 9545 |

**Appellant (continued)**

| | |
|---|---|
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** /s/Shelagh R. Kenney     **Date:** 6/24/15

**Counsel for:** Errol Duke Moses

**Certificate of Service**: I certify that on ___6/24/15___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: /s/Shelagh R. Kenney     Date: 6/24/15